(No. 90-CV-0198– )

*In re* APPLICATION OF LOURDENE E. JOHNSON

*Order filed July 28, 1989.*

*Opinion filed March 27, 1990.*

LOURDENE E. JOHNSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause comes on to be heard on the petition of Lourdene Johnson for an extension of time to file documents to claim compensation under the Crime

Victims Compensation Act (Ill. Rev. Stat., ch.70, par. 71 *et seq.*), hereinafter referred to as the Act. Due notice of the filing of the petition has been given, no objection has been filed, and the Court, being advised, finds as follows:

Pursuant to section 6.1 of the Act, a person seeking compensation must file a notice of intent to seek compensation with the Office of the Attorney General within six months of the occurrence. (Ill. Rev. Stat., ch. 70, par. 76.1.) An application must be filed with the Court of Claims within one year of the date of the occurrence. The Court may extend each deadline for a period not to exceed one year.

In the petition at bar, the incident was said to have occurred on August 29, 1987. The victim died on September 22, 1988. A notice of intent was filed thereafter. Funeral and burial expenses are sought. The petitioner is the mother of the victim. The victim was 21 years old on the day of the incident. As an explanation for late filing, the petitioner stated her time had been consumed with seeking medical care for her son.

It is apparent that neither the notice of intent nor the petition was filed within six months of the date of the incident. The decedent survived longer than that. What is not clear is the date that the petitioner gave the notice to the Office of the Attorney General. This Court is authorized to extend the time for providing the notice for a period not to exceed 18 months from the date of the incident. The file-stamp date of the Office of the Attorney General is totally illegible. We are unable to read whether or not the notice was provided within 18 months of the incident.

We hold, under such circumstances where we are

unable to read the file-stamp date, that the notice has been filed within the period in which we are authorized to grant an extension.

It is hereby ordered that the petition at bar be, and hereby is, granted; it is further ordered that the petitioner file an application within 60 days of the date of this order.

## OPINION

POCH, J.

This claim arises out of an incident that occurred on August 29, 1987. Lourdene E. Johnson, mother of the deceased victim, John Michael Johnson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act (Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*).

This Court has carefully considered the application for benefits submitted on August 7, 1989, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, John Michael Johnson, age 21, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3). The victim was injured on August 27, 1987, and expired from his injuries on September 22, 1988.

2. That the crime occurred in Orland Park, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

3. That the Claimant seeks compensation for funeral and burial expenses.

4. That the Claimant incurred funeral and burial expenses in the amount of $5,726.52, all of which has been paid. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $3,000.

5. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

6. That the Claimant, Lourdene E. Johnson, has filed a civil action, *Johnson v. Galvin*, No. 87 L 24761, in the circuit court of Cook County, Illinois, as a result of the incident. The Claimant, by informing the Attorney General's office of her pending civil suit, has acknowledged her responsibility to further notify the Attorney General of the final disposition of the civil action, pursuant to section 17 of the Act.

7. That the Claimant has complied with pertinent provisions of the Act and qualifies for compensation thereunder.

It is hereby ordered that the sum of three thousand dollars ($3,000.00) be and is hereby awarded to Lourdene E. Johnson, mother of John Michael Johnson, an innocent victim of a violent crime.